Pedro A. Cruz MONTERO, Josefina Mendez de Cruz y Pedro A. Cruz Montero, as legal representative of the community property constituted with his wife Josefina Mendez de Cruz, Plaintiff,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PUERTO RICO, Defendant,

Banco Credito y Ahorro Ponceño, Defendant.

Civ. No. 837–72.

United States District Court, D. Puerto Rico.

April 3, 1974.

Reginald J. Barney, Jose A. Andreu Garcia, Hato Rey, P. R., for plaintiff.

Jose M. Biaggi, San Juan, P. R., for Banco Credito.

Ramirez, Segal & Latimer, San Juan, P. R., for First Federal Savings.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

TOLEDO, Chief Judge.

This is an action in which plaintiffs request that a judgment entered by this Court in case Civil No. 706–71, involving a foreclosure of a mortgage, be declared null and void and that the judicial sale held pursuant to said judgment be set aside and that the title to the property, subject to foreclosure in said case, be vested in plaintiffs.

The defendant, Banco Credito y Ahorro Ponceño, requested that this Court issue a Writ of Assistance in connection with the property mentioned in Civil No. 706–71, which request was opposed by the plaintiffs. On January 14, 1974, a hearing on said motion was held at which time the codefendant, First Federal Savings and Loan Association of Puerto Rico moved that the complaint in this case be dismissed. In view of the fact that documentary evidence was presented, the motion to dismiss will be treated as a motion for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure.

The Court, after reviewing the pleadings, the documentary evidence submitted, hearing the parties' arguments, reviewing the memorandum submitted by the codefendant First Federal Savings and Loan Association of Puerto Rico and being otherwise fully advised in the premises, hereby makes the following

## FINDINGS OF FACT

1. At the time of the filing of the complaint in case Civil No. 706–71, that is, on September 17, 1971, the real property described in said complaint was owned by the defendant in said action, Samuel Méndez Cuesta, by virtue of his acquiring it at a judicial sale as evidenced by Deed of Judicial Sale Number 6 executed before Notary Carlos Pérez Otero on October 30, 1970.

2. That plaintiff Pedro A. Cruz Montero and Josefina Méndez de Cruz were not made party defendants in case Civil No. 706–71, nor were they served with process in said action.

3. The codefendant Banco Crédito y Ahorro Ponceño acquired the property sold at the judicial sale held in case Civil No. 706–71, which sale was confirmed by this Court on April 14, 1972.

4. For the purpose of this judgment, it is concluded that the codefendant First Federal Savings and Loan Association of Puerto Rico was aware of the fact that some other person, other than Samuel Méndez Cuesta, made monthly payments on the loan guaranteed by the property subject to the foreclosure action 706–71, prior to the date said complaint was filed by codefendant First Federal Savings and Loan Association of Puerto Rico against Samuel Méndez Cuesta.

## CONCLUSIONS OF LAW

■ 1. The Mortgage Law of the Commonwealth of Puerto Rico provides that where the property is no longer owned by the original debtor an action to collect the money owed to foreclose the mortgage guaranteeing the loan should be made against the subsequent owner. The applicable code, Title 30, L.P.R.A., Section 225, reads as follows:

"If before the creditor shall enforce his claim against the estate mortgaged, the property should pass into the hands of a third possessor, all proceedings prescribed in the foregoing section shall be directed against him, as the person subrogated to the rights of the debtor."

■ In this connection *Roca Sastre*, the Spanish commentator on mortgage law states that where the owner of the mortgaged realty and the personal debtor are two distinct persons the one against whom the foreclosure action should be brought is the new owner. Derecho Hipotecario IV, Vol. 2, Sexta Edición, Pages 961 and 962. In addition the Supreme Court of Puerto Rico, in Martinez v. Federal Land Bank, 76 D.P.R. 726 (1946), held that the mortgage creditor was only required to deal with the owner of the mortgaged property who appears in the registry. It is therefore concluded that the judgment issued in case Civil No. 706–71, is a valid judgment issued in accordance with the mortgage law of Puerto Rico and that the judicial sale held pursuant to said judgment is valid.

■ In regard to the remaining question of whether or not the fact that the codefendant First Federal Savings and Loan Association of Puerto Rico knew that some other person, other than Samuel Mendez Cuesta, was paying the monthly mortgage payments prior to the filing of the complaint in case Civil No. 706–71, the Civil Code of the Commonwealth of Puerto Rico clearly indicates that anyone may pay the debts of another person without the other person's knowledge. Sections 3162 and 3163 of Title 31, L.P.R.A., read as follows:

3162.—"Any person, whether he has an interest or not in the fulfilment of the obligation, and whether the debtor knows and approves it or is not aware thereof, can make the payment.

The person paying for the account of another may recover from the debtor what he may have paid, unless he has done it against his express will.

In such case he can only recover from the debtor insofar as the payment has been useful to him."

3163.—"A person paying in the name of the debtor, without the knowledge of the latter, cannot compel the creditor to subrogate him in his rights."

Furthermore, in view of the fact that the original debtor, that is, the plaintiff in this case, remained liable as he signed the original promissory note, the fact that codefendant First Federal Savings and Loan Association of Puerto Rico knowingly accepted payments from him, in no way alters the legal situation between the parties nor in any way operates to invalidate the judgment in case Civil No. 706–71 against Samuel Mendez Cuesta or any subsequent actions taken pursuant to said judgment. In view of the foregoing, the Court hereby

Orders that the motion for summary judgment be and it is hereby granted and that the complaint be and it is hereby dismissed, and that the plaintiffs shall pay the defendants their expenses and costs incurred in this action and that plaintiffs pay defendants the amount of $300.00 for attorney's fees to be divided equally between the two defendants.

A judgment will be entered accordingly.